ECTORE REALTY Co., INC., Respondent, *v.* MANUFACTURERS TRUST COMPANY, Appellant.

First Department, December 13, 1935.

*Nathan Waxman* of counsel [*Newman & Bisco*, attorneys], for the appellant.

*Gustavus A. Rogers* of counsel [*Nicholas Atlas* and *Max Bloom* with him on the brief; *Jenks & Rogers*, attorneys], for the respondent.

PER CURIAM. The complaint herein states a cause of action either for breach of a contract to loan $25,000 on a bond and mortgage covering property belonging to the plaintiff or for the conversion of the money so borrowed to uses not consented to by plaintiff. The bond and mortgage were made in May, 1926. This action was started in 1934. However the complaint is interpreted, the claim is barred by the six-year Statute of Limitations and the complaint should have been dismissed on this motion.

In an effort to avoid the bar of the Statute of Limitations, plaintiff has incorporated in its complaint certain allegations appropriate to a fraud action. . It is alleged that defendant's predecessor falsely represented to plaintiff that the proceeds of the loan had been applied to an indebtedness owing to the defendant by the Vestal Products Company, Inc. There is no allegation that this application of the proceeds was consented to by the plaintiff. Indeed it is affirmatively alleged that Vestal Products Company, Inc., was " independent of and unrelated to the plaintiff herein." These statements amount simply to an assertion that defendant had represented that the $25,000 which plaintiff was to receive under the loan agreement had been applied to the debt of a corporation which was a stranger to and unconnected with the plaintiff. As the complaint now stands, it is immaterial whether this statement was true or false. If it were true, it would amount to a conversion of the plaintiff's money and a breach of the loan agreement. If it were false, it did not affect plaintiff's right on June 24, 1927, to the immediate payment of the $25,000. To ground a fraud action on defendant's conduct, there must be further allegations which are essential to maintaining an action in deceit.

Plaintiff should be allowed to serve an amended complaint but care should be taken if recovery is sought on various theories to separately state and number the different causes of action relied upon and to limit such statements to allegations that are strictly appropriate. It is obvious that most, if not all, of the special damages claimed arise out of the alleged breach of contract and not as a consequence of any misapplication of the money borrowed.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint should be granted, with ten dollars costs, with leave to serve an amended complaint as limited herein upon payment of said costs.

Present — MARTIN, P. J., MERRELL, TOWNLEY, GLENNON and UNTERMYER, JJ.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to serve an amended complaint as indicated in the opinion upon payment of said costs.

Settle order on notice.